UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-479 (JWB/JFD)

UNITED STATES OF AMERICA,

        Plaintiff,

    v.

HASSAN AHMED HUSSEIN, *et al.*,

        Defendants.

**GOVERNMENT'S MOTION FOR PROTECTIVE ORDER GOVERNING DISCOVERY**

The United States of America, by and through its attorneys, Daniel N. Rosen, United States Attorney for the District of Minnesota, and Daniel W. Bobier, Assistant United States Attorney, hereby files the following motion for the entry of a protective order governing discovery, and in support thereof states as follows:

1.      The defendants in the above-referenced case are charged by indictment with wire fraud, in violation of 18 U.S.C. § 1343. The indictment alleges a massive scheme to obtain and misappropriate potentially hundreds of millions of taxpayer dollars by defrauding a set of state-administered health care benefits within the Minnesota Housing Stability Services Program. The instant indictment charges the defendants with fraudulently obtaining and misappropriating millions of dollars in program funds that were intended as reimbursements for services provided to Minnesotans struggling to find and maintain housing. Rather than provide such housing services, however, the defendants took advantage of the HSS Program to enrich themselves.

2.      The discovery to be provided by the government is voluminous. As set forth in the government's Motion to Designate Case As Complex Under The Speedy Trial Act, during the course of this ongoing investigation, the government has acquired extensive materials from, among other sources, interviews, grand jury subpoenas, and search warrants of devices, physical premises, and emails.

3.      This voluminous discovery includes highly sensitive information, including bank and credit card records, tax records, and other documents and records containing personal financial information and personal identifiable information of parties and non-parties. The discovery also includes health care records, as well as evidence of physical and mental health diagnoses and heath care provider notes. The discovery also includes information about other individuals not involved in the charged fraud scheme. The unrestricted dissemination of this information could adversely affect law enforcement interests and the privacy interests of third parties.

4.      While the government intends to redact a small subset of sensitive information from the discovery, the redaction of all personal and sensitive information from the discovery would be impractical and unduly burdensome, and would also be of limited value to the defense. Similarly, while the government is prepared to make discovery available to defense counsel for inspection at its offices, which would satisfy its disclosure obligations under the rules, this would be less useful to the defense and impractical for both parties.

5.      Therefore, the government respectfully requests that this Court enter a Protective Order limiting the dissemination of that class of information considered

"Protected Material." Specifically, Protected Material includes all information produced by the government in this case, except matters of public record, the defendants' own statements, criminal history information, and expert reports.

6.     It is further requested that the Protective Order state: (a) that the Protected Material shall be held in confidentiality by defendants and defense counsel and may be used solely for purposes of this litigation; (b) that defense counsel shall limit the making of copies of the Protected Material to those necessary to his or her activities as counsel to a defendant in this action; (c) that defense counsel, defendants, and other members of the defense teams, including defense experts, may have access to the Protected Materials; (d) that all individuals having access to Protected Materials, including the defendants, shall be informed of the terms of the Protective Order prior to disclosure; (e) that the use of the Protected Material covered by this Order for any purpose other than the instant litigation shall be deemed a violation of this Order subjecting the defendant and his or her counsel to sanctions; (f) that any filings with the Court that contain Protected Material shall first be redacted pursuant to Fed. R. Crim. P. 49.1 or, if not redacted, then filed under seal in accordance with the Court's sealing rules and applicable filing procedures; and (g) that any documents or other materials containing Protected Material, and all copies of them, must be destroyed or returned to the government within 60 days of the conclusion of this litigation, including appeals.

WHEREFORE, the government respectfully moves this Court to enter the proposed protective order.

Dated: January 7, 2026                          Respectfully submitted,

                                                DANIEL N. ROSEN
                                                United States Attorney

                                                 /s/ *Daniel W. Bobier*
                                        BY:     DANIEL W. BOBIER
                                                Assistant United States Attorney